UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

M.A.,

    *Petitioner*,

v.                                         Case No. 5:26-CV-1051-JKP

BOBBY THOMPSON, et al.,

    *Respondents.*

### ORDER DENYING TEMPORARY RESTRAINING ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3). The relief Petitioner seeks through this motion essentially mirrors the ultimate relief sought on the merits of this already expedited proceeding under 28 U.S.C. § 2241. *Compare* ECF No. 1 *with* ECF No. 3. Such circumstances justify denying the motion and proceeding directly to the merits of the habeas petition itself. *See*, *e.g.*, *Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG, unpub. order at 1–2 (W.D. Tex. Oct. 30, 2025) (collecting cases); *Chambliss v. Ashcroft*, No. 3:04-CV-0298-D, 2004 WL 718998, at *2 (N.D. Tex. Apr. 1, 2004) (recommendation of Mag. J.) (recommending denial of similar motion because preliminary relief sought was "the same as the relief sought through the habeas petition") *adopted by* No. 3:04-CV-0298-D, 2005 WL 724206 (N.D. Tex. Mar. 30, 2005). Indeed, prompt resolution is already contemplated by the nature of the writ itself. *See* 28 U.S.C. § 2243 ("A court … entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."); *Harris v. Nelson*, 394 U.S. 286, 291 (1969) (reiterating that "the office of the writ is to provide a prompt and efficacious remedy" and habeas proceedings "must not be allowed to founder in a 'procedural morass'").

The Court has already issued an Order for Service that enters a limited stay and expedites the briefing. For the reasons stated herein, it **DENIES** the Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3).

**IT IS SO ORDERED this 23rd day of February 2026.**

**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**